UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ISMAEL DIAZ, JR., <br>    TDCJ-CID #7736099 <br>      Plaintiff, <br><br> v. <br><br> OSCAR MENDOZA, et al. <br>      Defendants. | § § § § § § § § §    C.A. No. C-08-145 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff is an inmate at the McConnell Unit in Beeville, Texas, and seeks relief under 42 U.S.C. § 1983, alleging that the defendants Warden Mendoza, Dr. Fitts, and Dr. Herrera were all deliberately indifferent to his medical needs. Plaintiff apparently suffers from a wide variety of ailments, including rashes, head and throat pain, and several diagnosed and unknown infections. D.E. 1, 12, 21. He alleges that Defendants have refused to examine him or give him proper treatment and medication, and that Defendant Mendoza refuses to ensure that he receives proper care. D.E. 1, 21. Defendants now move for summary judgment on Plaintiff's Eighth Amendment claims. D.E. 27. In response, Plaintiff has filed a "motion for mandatory injunction," in which he seeks an order that Defendants provide him with "correct treatment" for his symptoms. D.E. 36.

The Magistrate Judge recommends granting Defendants' motion for summary judgment, noting that the extensive medical records submitted show that Plaintiff has been receiving treatment for his complaints, and that Defendants are

1

therefore not deliberately indifferent to his medical needs. D.E. 38. In response to the Magistrate Judge's recommendation, Plaintiff submits objections, contending that he still suffers from pain and other symptoms, and that the records and evidence Defendants provide are erroneous. D.E. 41.

Plaintiff is pursuing an Eighth Amendment deliberate indifference claim against Defendants, alleging that they are denying him adequate medical treatment. D.E. 1, 21. A deliberate indifference claim requires the plaintiff to show that prison officials were both aware of specific facts from which they could infer that a serious medical need exists, and then, that the officials actually perceived the risk and deliberately failed to act. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994). Merely negligent or erroneous medical care does not constitute a valid § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). The Fifth Circuit has held that active treatment of a prisoner's medical condition, even if such treatment is negligently administered, does not comprise deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Here, Plaintiff admits that he is in fact receiving treatment and medication from the medical staff. D.E. 12, p. 3–4. In addition, Defendants submit medical records from Plaintiff's TDCJ-CID file totaling over 800 pages and covering the entirety of Plaintiff's medical treatment while at the McConnell Unit, approximately five years. D.E. 27, Ex. A. They additionally submit an affidavit from Dr. Charles Adams, the medical director for the southern division of the University of Texas Medical Branch Correctional Managed Care, in which Dr.

Adams testifies that a well-trained physician in the same position as Defendants would believe that the care they gave was timely, appropriate, and consistent with the Constitution. D.E. 27, Ex. C. In response to this extensive evidence, Plaintiff submits a pleading titled "Motion for Mandatory Injunction," which contains the definition of the terms "injunction" and "mandatory injuction," and includes as evidence his unsworn statement that he is continuing to suffer from symptoms which he believes indicate syphilis. D.E. 36, Ex. 1. He also attaches pages from an unidentified medical book describing the symptoms and treatment of syphilis, and another statement discussing the treatment and diagnosis of meningitis. D.E. 36, Ex. 2–3.

As noted above, in order to sustain a claim for deliberate indifference to serious medical needs, Plaintiff must show that the prison officials sued were both aware of facts leading to the inference that a serious medical need exists, and that, after perceiving that risk, the officials deliberately failed to act. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994). Deliberate indifference is "an extremely high standard to meet." *Domino v. Texas Dep't. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Negligent medical care cannot form the basis of a deliberate indifference claim, and as long as prison medical personnel exercise professional medical judgment, their conduct will not violate a prisoner's rights. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452 (1982).

Here, the exhaustive medical records show that Plaintiff has received treatment on a nearly-continuous basis since he has been housed in the McConnell Unit. D.E. 27, Ex. A. He has received testing for the laundry lists of ailments of which he complains, and treatment for them when necessary. *Id.* He continues to claim that he suffers from sexually transmitted diseases, cancer, and meningitis, but medical testing has ruled each of these out. *Id.* The uncontroverted evidence Defendants provide shows that Plaintiff received timely and appropriate medical treatment for each of his maladies, actual or speculative. Accordingly, Plaintiff cannot establish a *prima facie* case for deliberate indifference under 42 U.S.C. § 1983.

In his response to summary judgment and his objections to the Magistrate Judge's recommendation, Plaintiff contends that he continues to suffer pain and other physical symptoms. D.E. 36, 41. However, he is still being actively treated. As noted above, active medical treatment, even negligent treatment, cannot form the basis of a deliberate indifference claim. *Stewart*, 174 F.3d at 534. While the treatment in Plaintiff's case may be ineffective, it is not deliberately indifferent.

Having reviewed de novo the Magistrate Judge's Memorandum and Recommendation, the pleadings on file, and Plaintiff's objections, the Court accepts the Magistrate Judge's recommended decision.

Accordingly, Defendants' Motion for Summary Judgment (D.E. 27) is GRANTED. Plaintiff's Motion for Mandatory Injunction (D.E. 36) is DENIED. Plaintiff's case is dismissed.

ORDERED this **21** day of **Aug**, 2009.

HAYDEN HEAD
CHIEF JUDGE